NICHOLAS BERNATE (SBN 288187)
DAVIN BACHO (282613)
CLEMENT, FITZPATRICK & KENWORTHY
3333 Mendocino Avenue, Suite 200
Santa Rosa, CA  95403
Telephone: (707) 523-1181
Facsimile: (707) 546-1360
nbernate@cfk.com
dbacho@cfk.com

Attorneys for Defendants,
    Payton Yeomans, Michele Yeomans and Robert Yeomans

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.R., a minor, through her Guardian Ad Litem, SHERRI RODRIGUEZ<br><br>Plaintiff(s),<br><br>v.<br><br>PETALUMA CITY SCHOOLS, STEFAN SCHAEFFER, OFFICER DAN MILLER, KRISTINA LEWIS, NATHAN CONTE, HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMAS, KIM LEWIS a.k.a. KIM BADENHOP, NICOLE WATSON, PETER M. WATSON, AMANDA M. LORENZEN, TRISHA L. CONTE, JONATHAN L. CONTE, and DOES 1 TO 80,<br><br>Defendants. | CASE NO. 4:21-cv-00726-DMR<br><br><br>DEFENDANTS PAYTON YEOMANS', MICHELE YEOMANS' AND ROBERT YEOMANS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL<br><br><br>Complaint Filed: January 29, 2021 |

NOW COMES, defendant PAYTON YEOMANS (improperly named as "PAYTON YEOMAS") ("Payton") and defendants MICHELE YEOMANS and ROBERT YEOMANS ("Michele and Robert") (Payton, Michele and Robert are collectively referred to herein as "Defendants").  Defendants admit, deny and allege as follows:

CASE NO. 4:21-cv-00726-DMR

DEFENDANTS PAYTON YEOMANS', MICHELE YEOMANS' AND ROBERT YEOMANS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

# I. JURISDICTION AND VENUE

1.      Answering paragraph 1, this paragraph sets forth conclusions of law to which Defendants are not obligated to admit or deny.

2.      Answering paragraph 2, this paragraph sets forth conclusions of law to which Defendants are not obligated to admit or deny.  Defendants admit to residing in the County of Sonoma, California.  To the degree a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny said allegations.

3.       Answering paragraph 3, this paragraph sets forth conclusions of law to which Defendants are not obligated to admit or deny.  To the degree a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny said allegations.

# II. PARTIES

4.      Answering paragraph 4, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny said allegations.

5.      Answering paragraph 5, Defendants admit Plaintiff was a pupil at Petaluma Junior High School, located in County of Sonoma, State of California.

6.      Answering paragraph 6, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny said allegations.

7.      Answering paragraph 7, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny said allegations.

8.      Answering paragraph 8, Defendants admits the named defendants were students at Petaluma Junior High School on February 4, 2019.  Defendants admit to being residents of the County of Sonoma on February 4, 2019.  Defendants are without knowledge or information sufficient to form a belief as to the truth of remainder of the allegations and therefore deny said allegations.

9.      Answering paragraph 9, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny said allegations.

10. Answering paragraph 10, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny said allegations.

11. Answering paragraph 11, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny said allegations.

12. Answering paragraph 12, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny said allegations.

13. Answering paragraph 13, this paragraph sets forth conclusions of law to which Defendants are not obligated to admit or deny.  Defendants are without knowledge or information sufficient to form a belief as to the truth of remainder of the allegations and therefore deny said allegations.

14. Answering paragraph 14, Defendants deny defendants KIM LEWIS a.k.a. KIM BADENHOP, NICOLE WATSON, PETER M. WATSON, AMANDA M. LORENZEN, TRISHA L. CONTE, or JONATHAN L. CONTE were Payton's parents and/or legal guardians or had custody and/or control of Payton.  Defendants are without knowledge or information sufficient to form a belief as to the truth of remainder of the allegations and therefore deny said allegations.

15. Answering paragraph 15, Defendants admits PETALUMA CITY SCHOOLS is an entity based in the State of California.  Defendants are without knowledge or information sufficient to form a belief as to the truth of remainder of the allegations and therefore deny said allegations.

16. Answering paragraph 16, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny said allegations.

17. Answering paragraph 17, this paragraph sets forth conclusions of law to which Defendants are not obligated to admit or deny.  Defendants are without knowledge or information sufficient to form a belief as to the truth of remainder of the allegations and therefore deny said allegations.

18. Answering paragraph 18, Defendants deny defendants KIM LEWIS a.k.a. KIM BADENHOP, NICOLE WATSON, PETER M. WATSON, AMANDA M. LORENZEN,

TRISHA L. CONTE, or JONATHAN L. CONTE were Payton's parents and/or legal guardians of Payton.   Defendants are without knowledge or information sufficient to form a belief as to the truth of remainder of the allegations and therefore deny said allegations.

19.   Answering paragraph 19, this paragraph sets forth conclusions of law to which Defendants are not obligated to admit or deny.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

20.   Answering paragraph 20, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

21.   Answering paragraph 21, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

22.   Answering paragraph 22, this paragraph sets forth conclusions of law to which Defendants are not obligated to admit or deny.  To the degree a response is required, Defendants deny all allegations.

23.   Answering paragraph 23, Defendants deny all allegations.

### III.   GENERAL AND FACTUAL ALLEGATIONS

24.   Answering paragraph 24, Defendants admit Plaintiff was previously a student at Petaluma Junior High School, but is without knowledge or information sufficient to form a belief as to the truth of remainder of the allegations and therefore denies said allegations.

25.   Answering paragraph 25, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that "numerous students at Petaluma Junior High School were discussing defendant KRISTINA LEWIS intended to fight Plaintiff." The allegation that on February 4, 2019, KRISTINA LEWIS, ALYSSA HODGES, and Payton, were "all sitting in a circle gesturing and laughing" is unintelligible but otherwise denied by Defendants.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff left physical education to attend an Individual Education Plan meeting or returned and therefore denies the allegations.  Defendants admit students discussed KRISTINA LEWIS being angry at Plaintiff and admits KRISTINA LEWIS walked or

paced nearby Plaintiff and in the courtyard prior to the incident.  Defendants deny students were staring at Plaintiff.  Defendants admit that KRISTINA LEWIS grabbed Plaintiff's hair and pulled Plaintiff down.  Defendants deny that KRISTINA LEWIS beat Plaintiff's head into a concrete wall.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that teachers witnessed the subject incident.

26.    Answering paragraph 26, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

27.    Answering paragraph 27, Defendants admit Payton filmed the subject incident but denies she posted the video of the attack on social media.  Defendants deny Payton showed a video of the attack to students in art class.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegation and therefore denies said allegations.

28.    Answering paragraph 28, Defendants deny that Payton reenacted acting the alleged "attack" in front of Plaintiff.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and therefore denies said allegations.

29.    Answering paragraph 29, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation and therefore deny said allegations.

30.    Answering paragraph 30, Defendants deny Payton posted any video of the alleged "attack" on social media.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and therefore denies said allegations.

31.    Answering paragraph 31, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

32.    Answering paragraph 32, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies said allegations.

33.    Answering paragraph 33, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

/ / / / /

DEFENDANTS PAYTON YEOMANS', MICHELE
YEOMANS' AND ROBERT YEOMANS' ANSWER TO
COMPLAINT AND DEMAND FOR JURY TRIAL

34.     Answering paragraph 34, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

35.     Answering paragraph 35, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

36.     Answering paragraph 36, this paragraph sets forth conclusions of law to which Defendants are not obligated to admit or deny.

37.     Answering paragraph 37, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

38.     Answering paragraph 38, this paragraph sets forth conclusions of law to which Defendants are not obligated to admit or deny.  To the degree a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

39.     Answering paragraph 39, this paragraph sets forth conclusions of law to which Defendants are not obligated to admit or deny.  To the degree a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

40.     Answering paragraph 40, this paragraph sets forth conclusions of law to which Defendant is not obligated to admit or deny.  To the degree a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies said allegations.

41.     Answering paragraph 40, this paragraph sets forth conclusions of law to which Defendants are not obligated to admit or deny.  To the degree a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

### IV.     FIRST CLAIM FOR RELIEF – 32 S.C. § 1983

42.     Answering paragraph 42, Defendants incorporates their answers to paragraphs 1 through 41 above.

/ / / / /

DEFENDANTS PAYTON YEOMANS', MICHELE YEOMANS' AND ROBERT YEOMANS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

43.     Answering paragraph 43, this paragraph sets forth conclusions of law to which Defendants are not obligated to admit or deny.

44.     Answering paragraph 44, this paragraph sets forth conclusions of law to which Defendants are not obligated to admit or deny.

45.     Answering paragraph 45, this paragraph sets forth conclusions of law to which Defendants are not obligated to admit or deny.

46.     Answering paragraph 46, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

47.     Answering paragraph 47, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

48.     Answering paragraph 48, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

49.     Answering paragraph 49, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

50.     Answering paragraph 50, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

51.     Answering paragraph 51, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

52.     Answering paragraph 52, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

53.     Answering paragraph 53, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

54.     Answering paragraph 54, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

## V.     SECOND CLAIM FOR RELIEF – BATTERY

55.     Answering paragraph 55, Defendants incorporate their answers to paragraphs 1 through 54 above.

56.     Answering paragraph 56, Defendants admit KRISTINA LEWIS struck and

touched Plaintiff, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and therefore denies said allegations.

57.     Answering paragraph 57, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

58.     Answering paragraph 58, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

59.     Answering paragraph 59, Defendant admits the allegations.

60.     Answering paragraph 60, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

61.     Answering paragraph 61, this paragraph sets forth conclusions of law to which Defendants are not obligated to admit or deny.  To the degree a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

## VI.     THIRD CLAIM FOR RELIEF - ASSAULT

62.     Answering paragraph 62, Defendants incorporate their answers to paragraphs 1 through 61 above.

63.     Answering paragraph 63, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

64.     Answering paragraph 64, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

65.     Answering paragraph 65, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

66.     Answering paragraph 66, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

67.     Answering paragraph 67, this paragraph sets forth conclusions of law to which Defendants are not obligated to admit or deny.  To the degree a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

**VII.   FOURTH CLAIM FOR RELIEF – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

68.   Answering paragraph 68, Defendants incorporate their answers to paragraphs 1 through 67 above.

69.   Answering paragraph 69, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

70.   Answering paragraph 70, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

71.   Answering paragraph 71, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

72.   Answering paragraph 72, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

73.   Answering paragraph 73, this paragraph sets forth conclusions of law to which Defendants are not obligated to admit or deny.  To the degree a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny said allegations.

**VIII.   FIFTH CLAIM FOR RELIEF – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS AGAINST DEFENDANTS HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS, NATHAN CONTE AND DOES 26 THROUGH 40**

74.   Answering paragraph 74, Defendants incorporates their answers to paragraphs 1 through 73 above.

75.   Answering paragraph 75, Defendants admit Payton recorded the subject incident. Defendants deny Payton posted the video on social media.  Defendants deny that Payton harassed Plaintiff and denies Payton otherwise performed conduct which was outrageous and/or in reckless disregard for the probability that Plaintiff would suffer emotional distress. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and therefore denies said allegations.

76.   Answering paragraph 76, Defendants deny the allegations.

77.   Answering paragraph 77, Defendants deny the allegations.

DEFENDANTS PAYTON YEOMANS', MICHELE YEOMANS' AND ROBERT YEOMANS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

78.     Answering paragraph 78, Defendants deny the allegations.

79.     Answering paragraph 79, Defendants deny the allegations.

**IX.     SIXTH CLAIM FOR RELIEF – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS AGAINST DEFENDANTS HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS, NATHAN CONTE AND DOES 26 THROUGH 40**

80.     Answering paragraph 80, Defendants incorporate their answers to paragraphs 1 through 79 above.

81.     Answering paragraph 81, Defendants deny the allegations.

82.     Answering paragraph 82, Defendants deny the allegations.

83.     Answering paragraph 83, Defendants deny the allegations.

**X.     SEVENTH CLAIM FOR RELIEF – PARENTAL LIABILITY FOR WILLFUL MISCONDUCT OF CHILD – AGAINST DEFENDANTS KIM LEWIS A.K.A. KIM BADENHOP, NICOLE WATSON, PETER M. WATSON, AMANDA M. LORENZEN, TRISHA L. CONTE, JONATHAN L. CONTE, AND DOES 1 THROUGH 20**

84.     Answering paragraph 84, Defendants incorporate their answers to paragraphs 1 through 83 above.

85.     Answering paragraph 85, Defendants admit to Payton being a minor at the time of the alleged incident.

86.     Answering paragraph 86, Defendants deny defendants KIM LEWIS a.k.a. KIM BADENHOP, NICOLE WATSON, PETER M. WATSON, AMANDA M. LORENZEN, TRISHA L. CONTE, or JONATHAN L. CONTE were Payton's parents.  Defendants are without knowledge or information sufficient to form a belief as to the truth of remainder of the allegations and therefore deny said allegations.

87.     Answering paragraph 87, Defendants deny defendants KIM LEWIS a.k.a. KIM BADENHOP, NICOLE WATSON, PETER M. WATSON, AMANDA M. LORENZEN, TRISHA L. CONTE, or JONATHAN L. CONTE were Payton's parents and/or legal guardians or had custody and/or control of Payton.  Defendants deny Payton possessed any inappropriate "habit" or "tendency" alleged in the Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of remainder of the allegations and therefore

CASE NO. 4:21-cv-00726-DMR                    DEFENDANTS PAYTON YEOMANS', MICHELE YEOMANS' AND ROBERT YEOMANS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

10

1    deny said allegations.

2         88.    Answering paragraph 88, Defendants deny defendants KIM LEWIS a.k.a. KIM

3    BADENHOP, NICOLE WATSON, PETER M. WATSON, AMANDA M. LORENZEN,

4    TRISHA L. CONTE, or JONATHAN L. CONTE were Payton's parents.  Defendants are

5    without knowledge or information sufficient to form a belief as to the truth of remainder of the

6    allegations and therefore deny said allegations.

7         89.    Answering paragraph 89, Defendant denies defendants KIM LEWIS a.k.a. KIM

8    BADENHOP, NICOLE WATSON, PETER M. WATSON, AMANDA M. LORENZEN,

9    TRISHA L. CONTE, or JONATHAN L. CONTE were Defendant's parents.  Defendant is

10   without knowledge or information sufficient to form a belief as to the truth of remainder of the

11   allegations and therefore denies said allegations.

12        90.    Answering paragraph 90, Defendants deny defendants KIM LEWIS a.k.a. KIM

13   BADENHOP, NICOLE WATSON, PETER M. WATSON, AMANDA M. LORENZEN,

14   TRISHA L. CONTE, or JONATHAN L. CONTE were Payton's parents.  Defendants are

15   without knowledge or information sufficient to form a belief as to the truth of remainder of the

16   allegations and therefore deny said allegations.

17        91.    Answering Plaintiff's Prayer for Relief, Defendants deny that Plaintiff has been

18   injured or damaged in any manner set forth herein, or any other manner, whatsoever, by

19   Defendants' conduct, acts, or omissions, and further deny Plaintiff is entitled to the elements of

20   relief, damages, and remedies requested.

21              **XI.    AFFIRMATIVE DEFENSES TO ALL CLAIMS**

22        **AS A FIRST AFFIRMATIVE DEFENSE** to the Complaint, Defendants allege

23   Plaintiff's Complaint, and each cause of action therein, fails to state facts sufficient to constitute

24   a cause of action against Defendants.

25        **AS A SECOND AFFIRMATIVE DEFENSE** to the Complaint, Defendants allege the

26   injuries and damages complained of by Plaintiff, if any there were, were wholly or in party

27   directly and proximately caused by the acts or omissions of persons or entities other than

28   Defendants.

1    **AS A THIRD AFFIRMATIVE DEFENSE** to the Complaint, Defendants allege

2    Plaintiff failed to exercise reasonable care and diligence to avoid loss and to minimize and

3    mitigate her damages, if any, and thus is completely or partially barred from recovery.

4    **AS A FOURTH AFFIRMATIVE DEFENSE** to the Complaint, Defendants allege

5    Plaintiff's Complaint, and each cause of action therein, in whole or in part, is barred by the

6    statute of limitations.

7    **AS A FIFTH AFFIRMATIVE DEFENSE** to the Complaint, Defendants allege

8    Plaintiff's injuries, if any, were proximately caused by unforeseeable, independent, intervening

9    and/or superseding events beyond the control, and unrelated to ay actions or conduct, of

10   Defendants.

11   **AS A SIXTH AFFIRMATIVE DEFENSE** to the Complaint, Defendants allege that

12   Plaintiff's Complaint fails to state facts which support a claim for exemplary or punitive

13   damages.

14   **AS A SEVENTH AFFIRMATIVE DEFENSE** to the Complaint, Defendants allege that

15   no act or omission of Defendants was a substantial fact in bringing about the damages alleged by

16   Plaintiff, nor was any act or omission a contributing cause thereof.  Any alleged act or omission

17   of Defendants was superseded by the acts or omissions of others, including Plaintiff and/or other

18   individuals or entities not named as defendants, which were independent, intervening, and the

19   proximate cause of the damage or loss sustained by Plaintiff, if any.

20   **AS AN EIGHTH AFFIRMATIVE DEFENSE** to the Complaint, Defendants allege

21   their conduct is protected by U.S. Const. Amend. I.

22   **AS A NINTH AFFIRMATIVE DEFENSE** to the Complaint, Defendants allege

23   Plaintiff's Complaint, and each cause of action therein, in whole or in part, is barred by the

24   doctrine of unclean hands.

25   DATED:  March 8, 2021                          CLEMENT, FITZPATRICK & KENWORTHY

26                                                                */s/ Nicholas J. Bernate*

                                                          By: _____
27                                                                Nicholas J. Bernate
                                                          Attorneys for PAYTON YEOMANS,
28                                                    MICHELE YEOMANS and ROBERT YEOMANS

CASE NO. 4:21-cv-00726-DMR                    DEFENDANTS PAYTON YEOMANS', MICHELE
                                              YEOMANS' AND ROBERT YEOMANS' ANSWER TO
                                              COMPLAINT AND DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Defendants demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure as to all issues or claims for which a jury trial is allowed.

DATED:  March 8, 2021                    CLEMENT, FITZPATRICK & KENWORTHY

                                         /s/ *Nicholas J. Bernate*

                                         By: _____
                                               Nicholas J. Bernate
                                         Attorneys for PAYTON YEOMANS,
                                         MICHELE YEOMANS and ROBERT YEOMANS