# GEARINGER LAW GROUP

740 Fourth Street
Santa Rosa, California 95404
Tel. (415) 440-3102
brian@gearingerlaw.com
BRIAN GEARINGER (State Bar #146125)

PAUL NATHAN (State Bar #262697)

# LAW OFFICES OF PAUL H. NATHAN

72A Main Street
Tiburon, California 94920
Telephone:        415-341-1144
Facsimile:        415-341-1155

Attorneys for Plaintiff I.R., a minor

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| I.R. a minor, through her Guardian Ad Litem, SHERRI RODRIGUEZ, <br><br> Petitioner, <br><br> v. <br><br> PETALUMA CITY SCHOOLS , STEFAN SCHAEFFER, KRISTINA LEWIS, NATHAN CONTE, HAYLEI WHITE WATSON, ALYSSA HODGES, PAYTON YEOMANS, MICHELE YEOMANS, ROBERT YEOMANS, KIMBERLY ANN THOMASON, KEVIN LEWIS, NICOLE S. WHITE WATSON, AMANDA M. LORENZEN, JENNIFER JEANNE CONTE, RAYMOND MATTHEW CONTE, MICHELE YEOMANS, ROBERT YEOMANS, and DOES 1 to 80, <br><br> Defendants. | Case No.:  21-cv-00726-DMR <br><br> **STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** <br><br> Action Filed:  January 29, 2021 <br> Trial Date:    Not set. |

-1-

WHEREAS, on January 29, 2021, Plaintiff I.R., a minor, through her Guardian Ad Litem, SHERRI RODRIGUEZ ("Plaintiff"), filed a Complaint. Dkt. No. 1.

WHEREAS, on March 8, 2021, Defendant PETALUMA CITY SCHOOLS ("Defendant Petaluma City Schools") filed a Stipulation to Extend Time to Respond to Complaint until March 30, 2021. Dkt. No. 23.

WHEREAS, also on March 8, 2021, Defendant OFFICER DAN MILLER ("Defendant Officer Miller") filed a Stipulation to Extend Time to Respond to Complaint until April 9, 2021. Dkt. No. 26.

WHEREAS, also on March 8, 2021, Defendants PAYTON YEOMANS, MICHELE YEOMANS, ROBERT YEOMANS (collectively "Defendants Yeomans") filed an Answer to the Complaint. Dkt. No. 27.

WHEREAS, on March 11, 2021, Plaintiff filed a Notice of Dismissal of Defendant Kim Lewis, a.k.a. Kim Badenhop. Dkt. No. 33.

WHEREAS, on March 25, 2021, Plaintiff filed a Notice of Dismissal of Defendant Officer Miller. Dkt. No. 34.

WHEREAS, since Plaintiff filed the Complaint on January 29, 2021, Plaintiff has learned (1) the correct identities of certain defendants, and (2) the correct spellings of the names of certain defendants. Plaintiff further has decided not to proceed against Defendant Officer Miller. As a result of the above, Plaintiff has prepared a First Amended Complaint, a copy of which is attached as Exhibit A that (1) corrects the identities of certain defendants, (2) corrects the spelling of the names of certain defendants, and (3) omits Defendant Officer Miller and the allegations against him. Plaintiff has not made any substantive changes to the allegations in the original Complaint.

WHEREAS, the current parties to the action seek to proceed with this action based upon the First Amended Complaint.

IT IS HEREBY STIPULATED, by Plaintiff, Defendant Petaluma City Schools, and Defendants Yeomans, through their respective undersigned counsel, that the Court issue an order permitting Plaintiff to file a First Amended Complaint, a copy of which is attached as Exhibit A.

DATED:  March 29, 2021                    GEARINGER LAW GROUP

By:   ___/s/ *Brian Gearinger*_____
BRIAN GEARINGER
Attorneys for Plaintiff I.R., a minor

LAW OFFICES OF PAUL H. NATHAN

By:   ___/s/ *Paul Nathan*_____
PAUL NATHAN
Attorneys for Plaintiff I.R., a minor

Dated: March 29, 2021                    CLEMENT, FITZPATRICK & KENWORTY


_____/s/ *Nicholas Bernate*_____
By: NICHOLAS BERNATE
Attorney for Defendants PAYTON YEOMANS,
MICHELE YEOMANS, ROBERT YEOMANS

Dated: March 29, 2021                    BERTAND, FOX, ELLIOT, OSMAN & WENZEL


_____/s/ *Ethan M. Lowry*_____
By: EUGENE B. ELLIOT
ETHAN M. LOWRY
Attorney for Defendant PETALUMA CITY SCHOOLS

*I.R. v. Petaluma City Schools District, et al.*                    FIRST AMENDED COMPLAINT FOR DAMAGES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

Pursuant to the foregoing stipulation, and good cause appearing, Plaintiff is hereby granted leave to file the First Amended Complaint attached hereto as Exhibit A.

DATED: _____                    _____
                                           HON. DONNA M. RYU
                                           United States District Magistrate Judge

-4-

EXHIBIT A

# GEARINGER LAW GROUP

740 Fourth Street
Santa Rosa, California 95404
Tel. (415) 440-3102
brian@gearingerlaw.com
BRIAN GEARINGER (State Bar #146125)

PAUL NATHAN (State Bar #262697)

# LAW OFFICES OF PAUL H. NATHAN

72A Main Street
Tiburon, California 94920
Telephone:        415-341-1144
Facsimile:        415-341-1155

Attorneys for Plaintiff I.R., a minor

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| I.R. a minor, through her Guardian Ad Litem, SHERRI RODRIGUEZ,<br><br>              Petitioner,<br><br>    v.<br><br>PETALUMA CITY SCHOOLS , STEFAN SCHAEFFER, KRISTINA LEWIS, NATHAN CONTE, HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS, MICHELE YEOMANS, ROBERT YEOMANS, KIMBERLY ANN THOMASON, KEVIN LEWIS, NICOLE S. WATSON WHITE, AMANDA M. LORENZEN, JENNIFER JEANNE CONTE, RAYMOND MATTHEW CONTE, MICHELE YEOMANS, ROBERT YEOMANS, and DOES 1 to 80,<br><br>              Defendants. | Case No.:  21-cv-00726-DMR<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br>**1.  42 U.S.C. § 1983;**<br>**2.  Battery;**<br>**3.  Assault;**<br>**4.  Intentional Infliction of Emotional Distress;**<br>**5.  Intentional Infliction of Emotional Distress;**<br>**6.  Negligent Infliction of Emotional Distress;**<br>**7.  Parental Liability for Willful Misconduct of Child**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

-1-

Plaintiff I.R., a minor ("Plaintiff") brings this complaint for damages by and through her Guardian *ad litem*, SHERRI RODRIGUEZ, and alleges as follows:

## I.    JURISDICTION AND VENUE

1.    This court has original jurisdiction over Plaintiff's claims for relief pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because (a) the public entity Defendant has its principal place of business in its jurisdictional area, (b) Plaintiff and the remaining named Defendants reside and/or work in its jurisdictional area, and (c) because the obligations and liabilities of all Defendants and/or DOES 1 through 80, inclusive, arise therein.

3.    In addition, this court has subject matter jurisdiction over the parties based upon diversity jurisdiction.  The amount in controversy exceeds $75,000, and Plaintiff is a citizen of the State of Nevada while the Defendants are citizens of the State of California.

## II.    PARTIES

4.    At the commencement of this action, and at all relevant times, Plaintiff was a minor resident of Sonoma County, in the State of California. Accordingly, an Application and Order for Appointment of Guardian *ad litem* requesting that Sherri Rodriguez ("Ms. Rodriguez"), Plaintiff's mother, be appointed as her Guardian *ad litem* in the United States District Court, Northern District of California will be filed contemporaneously with this lawsuit. To protect her privacy, Plaintiff has been identified by her initials as "I.R."

-2-

5.      At the time of the incident giving rise to this action, Plaintiff was a pupil entrusted to the care of Defendant PETALUMA CITY SCHOOLS, which oversees and is responsible for Petaluma Junior High School, located in the County of Sonoma, State of California.

6.      At all relevant times referenced herein, Defendant STEFAN SCHAEFFER served in his official capacity as a vice principal at Petaluma Junior High School. Defendant STEFAN SCHAEFFER is sued in his individual capacity.

7.

8.      Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants KRISTINA LEWIS, NATHAN CONTE, HAYLEI WATSON WHITE, ALYSSA HODGES, and PAYTON YEOMANS were students at Petaluma Junior High School and residents of the County of Sonoma.

9.      At the times of the incidents subject of this lawsuit, Defendant KIMBERLY ANN THOMASON and KEVIN LEWIS were the mother and father and/or legal guardians of Defendant KRISTINA LEWIS, and at all times mentioned herein, had the custody and control of Defendant KRISTINA LEWIS.

10.      At the times of the incidents subject of this lawsuit, Defendants NICOLE S. WATSON WHITE and DOE 1 were the mother and father and/or legal guardians of Defendant HAYLEI WATSON WHITE, and at all times mentioned herein, had the custody and control of Defendant HAYLEI WATSON WHITE.

11.      At the times of the incidents subject of this lawsuit, Defendant AMANDA M. LORENZEN and DOE 2 were the mother and father and/or legal guardian of Defendant ALYSSA HODGES, and at all times mentioned herein, had the custody and control of Defendant ALYSSA HODGES.

*I.R. v. Petaluma City Schools District, et al.*                    FIRST AMENDED COMPLAINT FOR DAMAGES

12.     At the times of the incidents subject of this lawsuit, Defendants JENNIFER JEANNE CONTE and RAYMOND MATTHEW CONTE were the mother and father of Defendant NATHAN CONTE, and at all times mentioned herein, had the custody and control of Defendant NATHAN CONTE.

13.     At the times of the incidents subject of this lawsuit, Defendants MICHELE YEOMANS and ROBERT YEOMANS were the mother and father and/or legal guardians of Defendant PAYTON YEOMANS and at all times mentioned herein, had the custody and control of Defendant PAYTON YEOMANS.

14.     Defendants KIMBERLY ANN THOMASON, KEVIN LEWIS, NICOLE S. WATSON WHITE, AMANDA M. LORENZEN, JENNIFER JEANNE CONTE, RAYMOND MATTHEW CONTE, MICHELE YEOMANS, ROBERT YEOMANS, and DOES 1 through 20, and each of them, were the parents and/or legal guardians of the minors, Defendants KRISTINA LEWIS, NATHAN CONTE, HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS, and each of them and at all times mentioned herein, had the custody and control of the minor Defendants KRISTINA LEWIS, NATHAN CONTE, HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS and Defendants 21 through 40.

15.     Plaintiff is informed and believes that Defendants PETALUMA CITY SCHOOLS, STEFAN SCHAEFFER, KRISTINA LEWIS, NATHAN CONTE, HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS, KIMBERLY ANN THOMASON, KEVIN LEWIS, NICOLE S. WATSON WHITE, AMANDA M. LORENZEN, JENNIFER JEANNE CONTE, RAYMOND MATTHEW CONTE, MICHELE YEOMANS, and ROBERT YEOMANS, are citizens of the State of California while Plaintiff is a citizen of the State of Nevada.

*I.R. v. Petaluma City Schools District, et al.*                FIRST AMENDED COMPLAINT FOR DAMAGES

16.     The principal place of business of Defendant PETALUMA CITY SCHOOLS is in California.  And, if incorporated, Defendant PETALUMA CITY SCHOOLS is incorporated in the State of California.

17.     At all material times, Defendant PETALUMA CITY SCHOOLS is a public entity within the meaning of California Government Code sections 811.2, 900 et seq. and is duly incorporated and operating under California law as a school district. The State of California apportions funds to Defendant PETALUMA CITY SCHOOLS, pursuant to the Local Control Funding Formula ("LCFF"). Although the balance between sources fluctuates slightly from year to year, the federal government provides approximately 10 percent of this funding. LCFF funds are not apportioned by source. The State disburses additional categorical funds for Special Education using primarily a "census-based" method that allocates money to local consortia of schools and districts based on their total student population. The LCFF was enacted in the 2013-14 school year, and it replaced the previous kindergarten through grade twelve (K-12) finance system, which had been in existence for roughly forty years. Under the LCFF, the State of California has vested control of school funding in the local rather than state governments. School-related spending is carried out by Defendant PETALUMA CITY SCHOOLS, which makes decisions about how schools and classrooms will operate and utilize resources. LCFF funds are technically "unrestricted" which means Defendant PETALUMA CITY SCHOOLS had discretion over how they are used.

18.     Plaintiff alleges that Defendants KIMBERLY ANN THOMASON, KEVIN LEWIS, NICOLE S. WATSON WHITE, AMANDA M. LORENZEN, JENNIFER JEANNE CONTE, RAYMOND MATTHEW CONTE, MICHELE YEOMANS, ROBERT YEOMANS, and DOES 1 through 20, and each of them, were the parents and/or legal guardians of the minors,

Defendants KRISTINA LEWIS, NATHAN CONTE, HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS; however, the identities of DOES 1 through 20 are unknown to Plaintiff at this time.

19.     Plaintiff alleges that Defendant PETALUMA CITY SCHOOLS and/or DOES 41 through 60 at all relevant times herein mentioned controlled, directed, managed, operated and/or owned Petaluma Junior High School; however, the identities of DOES 41 through 60 are unknown to Plaintiff at this time. Plaintiff further alleges that at all relevant times, DOES 41 through 60 were the employees, agents, officers and/or directors of the PETALUMA CITY SCHOOLS and were acting within the course and scope of their employment with the PETALUMA CITY SCHOOLS or in an official capacity; however, the identities of DOES 41 through 60 are unknown to Plaintiff at this time.

20.     Plaintiff additionally alleges that at all relevant times, DOES 61 through 80 were other actors alleged to have committed wrongdoing to Plaintiff based on the allegations set forth herein; however, the identities of DOES 61 through 80 are unknown to Plaintiff at this time.

21.     The true names and capacities, whether individual, corporate, partnership, joint venture, or otherwise of Defendants DOES 1 through 80, inclusive, are unknown to Plaintiff who therefore sues Defendants by such fictitious names. When the true names and capacities of DOES 1 through 80 are ascertained, Plaintiff will seek leave to amend this complaint by inserting their true names and capacities herein.

22.     Plaintiff alleges that each of the named Defendants and each of the fictitiously named Defendants are legally responsible in some manner for the occurrences alleged herein, and that the injuries as alleged herein were proximately and legally caused by the acts and/or omissions of such Defendants.

*I.R. v. Petaluma City Schools District, et al.*                    FIRST AMENDED COMPLAINT FOR DAMAGES

23.     Plaintiff alleges that during the relevant times referenced herein, that each of the Defendants sued herein was the agent, servant, employee, joint venture, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants, and was acting within the purpose, scope, course, and authority of such agency, servitude, employment, joint venture, partnership, division, ownership, subsidiary, alias, assignment, alter-ego, and with the authority, consent, approval, and ratification of each remaining Defendant.

## III.     GENERAL FACTUAL ALLEGATIONS

24.     At the time of the incident giving rise to this action, Plaintiff was a thirteen-year old girl and a student at Petaluma Junior High School.

25.     On or about February 4, 2019, numerous students at Petaluma Junior High School were discussing that Defendant KRISTINA LEWIS intended to fight Plaintiff.  That day, during physical education class, Defendants KRISTINA LEWIS, ALYSSA HODGES, and PAYTON YEOMANS were all sitting in a circle gesturing and laughing. Plaintiff left physical education class to attend an Individual Education Plan meeting. Afterward, Plaintiff returned to physical education class, which was on a break.  The students had gathered in the school courtyard talking about how Defendant KRISTINA LEWIS was angry at Plaintiff. The students all began staring at Plaintiff while Defendant KRISTINA LEWIS paced on the other side of the courtyard.  The bell rang signaling it was time to return to class when Defendant KRISTINA LEWIS attacked Plaintiff from behind, pulling Plaintiff's hair and beating Plaintiff's head into concrete wall. The attack was witnessed by a teacher or teachers at Petaluma Junior High School.

26.     As a result of the physical attack by Defendant KRISTINA LEWIS, Plaintiff suffered a concussion, severe humiliation and fear for her safety.

27.     Defendants HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS filmed the attack and then posted video of the attack on social media.  Plaintiff's mother reported the videos of the attack on her daughter to the principal of Petaluma Junior High School, Renee Stemmick.  Ms. Stemmick never responded Plaintiff's mother. Instead, Mr. Schaeffer responded that he would make Defendants HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS remove the videos from social media.  The next day, Defendants HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS were showing the video of Plaintiff being attacked to their fellow students in art class.

28.     On February 6, 2019, Petaluma Police Department Officer Dan Miller ("Officer Miller") met with Defendant STEFAN SCHAEFFER and David Rose, Director of Student Services for Defendant PETALUMA CITY SCHOOLS for a discipline hearing for Defendant KRISTINA LEWIS. Defendant STEFAN SCHAEFFER and Mr. Rose discussed the incident prior to the hearing and felt that Defendant KRISTINA LEWIS should be arrested and referred to the Mentor Me program.

29.     Late on February 6, 2019, Officer Miller, Defendant STEFAN SCHAEFFER and Mr. Rose met with Defendants KRISTINA LEWIS and KIMBERLY ANN THOMASON to discuss the suspension process. Officer Miller read Defendant KRISTINA LEWIS her Miranda rights and, afterwards Defendant KRISTINA LEWIS agreed to speak with Officer Miller. Defendant KRISTINA LEWIS admitted fault and took responsibility for her actions. Defendant KRISTINA LEWIS told Officer Miller that she was embarrassed that her sexual preference was made public by I.R. Defendant KRISTINA LEWIS was reprimanded and given advice on how to handle a similar situation in the future. Officer Miller then arrested Defendant KRISTINA LEWIS. Officer Miller then explained the Restorative Justice Model and asked Defendants

-8-

KRISTINA LEWIS and KIMBERLY ANN THOMASON if they would be willing to participate in the Restorative Justice model instead of going through a court process. Defendants KRISTINA LEWIS and KIMBERLY ANN THOMASON agreed and signed the necessary paperwork for a referral to Mentor Me. Officer Miller next issued Defendant KRISTINA LEWIS a citation and released her to Defendant KIMBERLY ANN THOMASON with a referral to Mentor Me. Ultimately, Officer Miller sent the criminal case against Defendant KRISTINA LEWIS to the Sonoma County Juvenile Probation Department for a review of the charges against her.

30.     Approximately three days later, Plaintiff returned to Petaluma Junior High School following the attack; however, she did not feel safe at school. Defendants KRISTINA LEWIS, HAYLEI WATSON WHITE, ALYSSA HODGES, and PAYTON YEOMANS reenacted the attack in front of Plaintiff.  Defendant KRISTINA LEWIS stared at Plaintiff during the students lunch break.  This intimidation continued while Plaintiff attended Petaluma Junior High School without any further interdiction by Defendants PETALUMA CITY SCHOOLS, SCHAEFFER, and/or agents or employees of Defendant PETALUMA CITY SCHOOLS.

31.     Agents of Defendant PETALUMA CITY SCHOOLS merely placed the attacker, Defendant KRISTINA LEWIS, on in-school suspension.  Every time Plaintiff passed the principal's office she would see Defendant KRISTINA LEWIS stare at her with a menacing face.

32.     Shortly thereafter, Plaintiff's mother spoke with Defendant STEFAN SCHAEFFER informing him that Plaintiff was afraid to return to school and that the school needed to do something – anything – to protect Plaintiff from her attacker, Defendant KRISTINA LEWIS. Defendant STEFAN SCHAEFFER's response was to tell Plaintiff's mother simply that, "There isn't anything I can do about girls being mean to each other."  Plaintiff's mother again asked about what could be done about the videos of the attack that Defendants KRISTINA LEWIS, HAYLEI

WATSON WHITE, ALYSSA HODGES, and PAYTON YEOMANS, and unknown others, posted on social media.  Defendant STEFAN SCHAEFFER responded that there was nothing he could do.  In failing to act, Defendant STEFAN SCHAEFFER refused to comply with his duties and did nothing.

33.

34.     In March 2019, Plaintiff was forced to attend school from home by way of Home Hospital Care because she did not feel safe at school and because Defendants PETALUMA CITY SCHOOLS and SCHAEFFER did nothing to keep Plaintiff safe from another attack or harassment from Defendant KRISTINA LEWIS.

35.     Consequentially, Plaintiff was then forced to attend Ninth Grade from home through attendance of a virtual academy because Plaintiff feared for her safety while at school.

36.     Eventually, Plaintiff became too scared to leave her home necessitating Plaintiff's mother to move Plaintiff out of California.

37.     Plaintiff also was diagnosed with Post Traumatic Stress Disorder due the attack and her subsequent fear of returning to school.

38.     It is the duty of Defendant Defendants PETALUMA CITY SCHOOLS and SCHAEFFER to supervise at all times the conduct of the students while they are on school grounds to enforce those regulations necessary to protect all of the students.  Additionally, Defendants PETALUMA CITY SCHOOLS and SCHAEFFER owed Plaintiff a duty based upon their special relationship as pupil and school.  And, it is the duty of the school and its agents, Defendants PETALUMA CITY SCHOOLS and SCHAEFFER, to provide equal access to Plaintiff to access her education while she was a student at Petaluma Junior High School.

39.     Additionally, bullying presents a basic safety issue.  The Federal government has attempted to address school bullying starting with acknowledging the problems bullying creates in schools.  See https://www.stopbullying.gov/.

40.     The State of California has made safety issue through the adoption of specific Education Codes that seek to address the safety issue of bullying at school.

41.     Defendant PETALUMA CITY SCHOOLS acknowledges its duty to provide "a positive learning environment free from disruptions" and sets standards for appropriate behavior by its students as follows:

> The Board of Education believes that all students have the right to be educated in a positive learning environment free from disruptions. On school grounds and at school activities, while going to or coming from school, and while on district transportation, students shall be expected to exhibit appropriate conduct that does not infringe upon the rights of others or interfere with the school program.
>
> The Superintendent or designee shall ensure that each school site develops standards of conduct and discipline consistent with district policies and administrative regulations.
>
> Behavior is considered appropriate when students are diligent in study, careful with school property, courteous and respectful towards their teachers, other staff, students and volunteers.

Petaluma City Schools Board Policy 5131, entitled "Conduct."

42.     Defendant PETALUMA CITY SCHOOLS also has set forth a specific policy concerning school bullying and recognizes the danger to student safety caused by bullying:

> The Board of Education recognizes the harmful effects of bullying on student learning and school attendance and desires to provide safe school enviroments that protect students from physical and emotional harm. District employees shall establish student safety as a high priority and shall not tolerate bullying of any student.
>
> No individual or group shall, through physical, written, verbal, or other means, harass, sexually harass, threaten, intimidate, retaliate, cyberbully, cause bodily injury to, or commit hate violence against any student or school personnel.

Petaluma City Schools Board Policy 5131.2, entitled "Bullying."

43.     In addition to the inclusion of cyberbullying in Petaluma City Schools Board Policy 5131.2, entitled "Bullying", above, Defendant PETALUMA CITY SCHOOLS specifically acknowledged its duty to identify cyberbullying and instruct its student "how to respond when subjected to cyberbullying."

> The Superintendent or designee shall provide age-appropriate instruction regarding safe and appropriate behavior on social networking sites, chat rooms, and other Internet services. Such instruction shall include, but not be limited to, the dangers of posting personal information online, misrepresentation by online predators, how to report inappropriate or offensive content or threats, behaviors that constitute cyberbullying, and how to respond when subjected to cyberbullying.

Petaluma City Schools Board Policy 6163.4, entitled "Student Use of Technology."

## FIRST CLAIM FOR RELIEF

-12-

(42 .S.C. § 1983 – Violation of Constitutional Rights – Deliberate Indifference – against Defendants PETALUMA CITY SCHOOLS, STEFAN SCHAEFFER, and DOES 41 through 80)

44.     Each of the allegations set forth above, inclusive, are hereby incorporated by this reference as if realleged fully herein.

45.     Plaintiff alleges that Defendants PETALUMA CITY SCHOOLS, STEFAN SCHAEFFER, and DOES 41 through 80 violated 42 U.S.C. section 1983 when they deprived Plaintiff of her constitutional rights while acting under the color of state law. *Gomez v. Toledo* (1980) 446 U.S. 635, 640.

46.     Pursuant to the Fourteenth Amendment of the United States Constitution, children have the fundamental right to equal access to public school education.

47.     A school is recognized as having a special relationship with its students and have a duty to protect their students.

48.     Plaintiff suffered harassment was that was so severe, pervasive, and offensive that it effectively deprived Plaintiff of the right to equal access to educational benefits and opportunities.

49.     Defendants PETALUMA CITY SCHOOLS, STEFAN SCHAEFFER, and DOES 41 to 80 had actual knowledge of the bullying and harassment of Plaintiff and acted with deliberate indifference in the face of that knowledge.

50.     Defendants PETALUMA CITY SCHOOLS, STEFAN SCHAEFFER, and DOES 41 to 80 acted with deliberate indifference because their response to the harassment was clearly unreasonable in light of all of the known circumstances.

*I.R. v. Petaluma City Schools District, et al.*                    FIRST AMENDED COMPLAINT FOR DAMAGES

51.     Plaintiff further alleges that Defendants PETALUMA CITY SCHOOLS and DOES 41 to 80 are liable under 42 U.S.C. section 1983 for their inaction in the training, supervision, and control of Defendants STEFAN SCHAEFFER, and other agents and/or employees who owed a duty to Plaintiff.

52.     Plaintiff is informed and believes and on the basis of such information and belief alleges that Defendants PETALUMA CITY SCHOOLS and DOES 41 to 80 subjected Plaintiff to an educational environment in which she was harassed and emotionally abused, in part by failing to train its teachers, school resource officers, and aids, or to hire qualified individuals to work at Petaluma Junior High School.

53.     Plaintiff alleges that there is here an affirmative causal link between inaction of Defendants PETALUMA CITY SCHOOLS, STEFAN SCHAEFFER, and DOES 41 to 80, as the particular conditional injury suffered by Plaintiff is a natural consequence of the "blind eye" acquiescences and failure to report and/or discipline and/or create a safe environment for its students.

54.     The acts and omissions on the parties of Defendants PETALUMA CITY SCHOOLS, STEFAN SCHAEFFER, and DOES 41 to 80 establish that they are liable for the violation of Plaintiff's clearly established constitutional rights because they demonstrated disregard of their responsibilities in hiring, training, supervising its teachers, school resource officers, and aids; and disciplining and reporting the abuses by the other students against Plaintiff.

55.     Plaintiff alleges that Defendants PETALUMA CITY SCHOOLS and DOES 41 to 80 participated in the deprivation of Plaintiff's constitutional rights by failing to train, discipline, and supervise Defendants STEFAN SCHAEFFER, and others including DOES 41 through 80.

56.     As set forth in this Complaint, Defendants PETALUMA CITY SCHOOLS, STEFAN SCHAEFFER, and DOES 41 to 80 were a substantial factor in causing Plaintiff's harm.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CLAIM FOR RELIEF

(Battery – against Defendants KRISTINA LEWIS and DOES 21 through 25)

57.     Each of the allegations set forth above, inclusive, are incorporated by this reference as if realleged fully herein.

58.     Defendants KRISTINA LEWIS and DOES 21 through 25 struck and otherwise touched Plaintiff with the intent to harm her.

59.     Plaintiff did not consent to being struck or otherwise touched by Defendant KRISTINA LEWIS and DOES 21 through 25.

60.     As a result, Plaintiff was harmed by being struck or otherwise touched by Defendants KRISTINA LEWIS and DOES 21 through 25.

61.     A reasonable person in Plaintiff's situation would have been offended by being struck or otherwise touched by Defendants KRISTINA LEWIS and DOES 21 through 25.

62.     As set forth in this Complaint, Defendants KRISTINA LEWIS and DOES 21 through 25 were a substantial factor in causing Plaintiff's harm.

63.     The conduct of Defendants KRISTINA LEWIS and DOES 21 through 25 was willfully intended to cause injury to Plaintiff.  Because the above acts by Defendants KRISTINA LEWIS and DOES 21 through 25 were performed in an intentional and willful manner, Plaintiff is entitled to recover punitive damages from Defendants KRISTINA LEWIS and DOES 21 through 25 in an amount according to proof.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

-15-

**THIRD CLAIM FOR RELIEF**

(Assault – against Defendants KRISTINA LEWIS and DOES 21 through 25)

64.     Each of the allegations set forth above, inclusive, are hereby incorporated by this reference as if realleged fully herein.

65.     Defendants KRISTINA LEWIS and DOES 21 through 25 acted, intending to cause harmful or offensive contact to Plaintiff.

66.     Plaintiff reasonably believed that she was about to be touched in a harmful or an offensive manner by Defendants KRISTINA LEWIS and DOES 21 through 25.

67.     Plaintiff did not consent to the conduct of Defendants KRISTINA LEWIS and DOES 61 to 80 and, as a result, Plaintiff was harmed.

68.     The conduct of Defendants KRISTINA LEWIS and DOES 21 through 25 was a substantial factor in causing Plaintiff's harm.

69.     The conduct of Defendants KRISTINA LEWIS and DOES 21 through 25 was willfully intended to cause injury to Plaintiff.  Because the above acts by Defendants KRISTINA LEWIS and DOES 61 to 80 were performed in an intentional and willful manner, Plaintiff is entitled to recover punitive damages from Defendants KRISTINA LEWIS and DOES 21 through 25 in an amount according to proof.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CLAIM FOR RELIEF**

(Intentional Infliction of Emotional Distress – against Defendants KRISTINA LEWIS and DOES 21 through 25)

70.     Each of the allegations set forth above, inclusive, are hereby incorporated by this reference as if realleged fully herein.

-16-

71.     The attack by Defendants KRISTINA LEWIS and DOES 21 through 25 against Plaintiff and subsequent harassment by Defendants KRISTINA LEWIS and DOES 21 through 25 of Plaintiff was outrageous and/or committed with reckless disregard of the probability that Plaintiff would suffer emotional distress.

72.     Defendants KRISTINA LEWIS and DOES 21 through 25 intended to cause Plaintiff emotional distress.

73.     Plaintiff has suffered severe emotional as a result of the conduct of Defendants KRISTINA LEWIS and DOES 21 through 25.

74.     The conduct of Defendants KRISTINA LEWIS and DOES 21 through 25 was a substantial factor in causing Plaintiff's harm.

75.     The conduct of Defendants KRISTINA LEWIS and DOES 21 through 25 was willfully intended to cause injury to Plaintiff.  Because the above acts by Defendants KRISTINA LEWIS and DOES 21 through 25 were performed in an intentional and willful manner, Plaintiff is entitled to recover punitive damages from Defendants KRISTINA LEWIS and DOES 21 through 25 in an amount according to proof.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress – against Defendants HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS, NATHAN CONTE and DOES 26 through 40)

76.     Each of the allegations set forth above, inclusive, are hereby incorporated by this reference as if realleged fully herein.

77.     Defendants HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS, NATHAN CONTE and DOES 26 through 40 videotaping the attack on Plaintiff,

posting of the video showing the attack on social media, and subsequent harassment of Plaintiff, was outrageous and/or committed with reckless disregard of the probability that Plaintiff would suffer emotional distress.

78.     Defendants HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS, NATHAN CONTE and DOES 26 through 40 intended to cause Plaintiff severe emotional distress.

79.     Plaintiff has suffered severe emotional as a result of the conduct of Defendants HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS, NATHAN CONTE and DOES 26 through 40.

80.     The conduct of Defendants HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS, NATHAN CONTE and DOES 26 through 40 was a substantial factor in causing Plaintiff's harm.

81.     The conduct of Defendants HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS, NATHAN CONTE and DOES 26 through 40 was willfully intended to cause injury to Plaintiff.  Because the above acts by Defendants HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS, NATHAN CONTE and DOES 26 through 40 were performed in an intentional and willful manner, Plaintiff is entitled to recover punitive damages from Defendants HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS, NATHAN CONTE and DOES 26 through 40 in an amount according to proof.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CLAIM FOR RELIEF

(Negligent Infliction of Emotional Distress – against Defendants KRISTINA LEWIS, HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS, NATHAN CONTE and DOES 26 through 40)

82.     Each of the allegations set forth above, inclusive, are hereby incorporated by this reference as if realleged fully herein.

83.     Defendants KRISTINA LEWIS, HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS, NATHAN CONTE and DOES 26 through 40 were negligent in their actions described above.

84.     As a result, Plaintiff was embarrassed, humiliated, shocked and suffered serious emotional distress.

85.     The conduct of Defendants KRISTINA LEWIS, HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS, NATHAN CONTE and DOES 26 through 40 was a substantial factor in causing Plaintiff's harm.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SEVENTH CLAIM FOR RELIEF

(Parental Liability for Willful Misconduct of Child – against Defendants KIMBERLY ANN THOMASON, KEVIN LEWIS, NICOLE S. WATSON WHITE, AMANDA M. LORENZEN, JENNIFER JEANNE CONTE, RAYMOND MATTHEW CONTE, MICHELE YEOMANS, ROBERT YEOMANS, and DOES 1 through 20)

86.     Each of the allegations set forth above, inclusive, are hereby incorporated by this reference as if realleged fully herein.

87.     Defendants KRISTINA LEWIS, HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS, NATHAN CONTE and DOES 21 to 40 are believed to all have been minors at the time of their actions as set forth above.

88.     Plaintiff is informed and believes and on the basis of such information and belief alleges that Defendants KIMBERLY ANN THOMASON, KEVIN LEWIS, NICOLE S. WATSON WHITE, AMANDA M. LORENZEN, JENNIFER JEANNE CONTE, RAYMOND MATTHEW CONTE, MICHELE YEOMANS, ROBERT YEOMANS, and DOES 1 through 20 are the parents of Defendants KRISTINA LEWIS, HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS, NATHAN CONTE and DOES 21 to 40.

89.     Plaintiff is informed and believes and on the basis of such information and belief further alleges that Defendants KIMBERLY ANN THOMASON, KEVIN LEWIS, NICOLE S. WATSON WHITE, AMANDA M. LORENZEN, JENNIFER JEANNE CONTE, RAYMOND MATTHEW CONTE, MICHELE YEOMANS, ROBERT YEOMANS, and DOES 1 through 20 were aware their respective minor child's habits and tendencies to act inappropriately as set forth above.

90.     Plaintiff is informed and believes and on the basis of such information and belief further alleges that Defendants KIMBERLY ANN THOMASON, KEVIN LEWIS, NICOLE S. WATSON WHITE, AMANDA M. LORENZEN, JENNIFER JEANNE CONTE, RAYMOND MATTHEW CONTE, MICHELE YEOMANS, ROBERT YEOMANS, and DOES 1 through 20 had the opportunity and ability to control the conduct of their respective minor child and Defendants KIMBERLY ANN THOMASON, KEVIN LEWIS, NICOLE S. WATSON WHITE, AMANDA M. LORENZEN, JENNIFER JEANNE CONTE, RAYMOND MATTHEW CONTE,

MICHELE YEOMANS, ROBERT YEOMANS, and DOES 1 through 20 were negligent for failing to do so.

91.     As a result of the failure of Defendants KIMBERLY ANN THOMASON, KEVIN LEWIS, NICOLE S. WATSON WHITE, AMANDA M. LORENZEN, JENNIFER JEANNE CONTE, RAYMOND MATTHEW CONTE, MICHELE YEOMANS, ROBERT YEOMANS, and DOES 1 through 20 to control the conduct of their respective minor child, Plaintiff suffered personal injury, emotional distress, and pain and suffering.

92.     The failure of Defendants KIMBERLY ANN THOMASON, KEVIN LEWIS, NICOLE S. WATSON WHITE, AMANDA M. LORENZEN, JENNIFER JEANNE CONTE, RAYMOND MATTHEW CONTE, MICHELE YEOMANS, ROBERT YEOMANS, and DOES 1 through 20 to control the conduct of their respective minor child was a substantial factor in causing Plaintiff's harm.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**PRAYER FOR RELIEF**

Plaintiff prays for judgment against Defendant PETALUMA CITY SCHOOLS, STEFAN SCHAEFFER, KRISTINA LEWIS, NATHAN CONTE, HAYLEI WATSON WHITE, ALYSSA HODGES, PAYTON YEOMANS, KIMBERLY ANN THOMASON, KEVIN LEWIS, NICOLE S. WATSON WHITE, AMANDA M. LORENZEN, JENNIFER JEANNE CONTE, and RAYMOND MATTHEW CONTE, MICHELE YEOMANS, ROBERT YEOMANS, and DOES 1 through 80 as follows:

1.  For compensatory damages and other special damages according to proof;

2.  For general damages according to proof;

3.  For punitive damages against all individual defendants according to proof;

*I.R. v. Petaluma City Schools District, et al.*                FIRST AMENDED COMPLAINT FOR DAMAGES

4.  For prejudgment interest at the legal rate according to proof;

5.  For costs and reasonable attorneys' fees as provided by 42 U.S.C. §§ 1983 and 1988; and

6.  For such other relief as the Court may deem just and proper.

DATED:  March 29, 2021                    GEARINGER LAW GROUP


By:  ___/s/ *Brian Gearinger*_____
             BRIAN GEARINGER
Attorneys for Plaintiff I.R., a minor


LAW OFFICES OF PAUL H. NATHAN


By:  ___/s/ *Paul Nathan*_____
             PAUL NATHAN
Attorneys for Plaintiff I.R., a minor

-22-

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial for all issues in this matter.

DATED:  March 29, 2021                    GEARINGER LAW GROUP


By:  ___/s/ *Brian Gearinger*_____
          BRIAN GEARINGER
Attorneys for Plaintiff I.R., a minor


LAW OFFICES OF PAUL H. NATHAN


By:  ___/s/ *Paul Nathan*_____
          PAUL NATHAN
Attorneys for Plaintiff I.R., a minor

*I.R. v. Petaluma City Schools District, et al.*                    FIRST AMENDED COMPLAINT FOR DAMAGES