UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.R.,<br><br>    Plaintiff,<br><br>    v.<br><br>PETALUMA CITY SCHOOLS, et al.,<br><br>    Defendants. | Case No. 21-cv-00726-DMR<br><br>**ORDER REGARDING THE USE OF MINORS' NAMES IN COURT FILINGS**<br><br>Re: Dkt. Nos. 1, 44 |

Plaintiff I.R., a minor, filed the complaint against Petaluma City Schools and thirteen individual defendants on January 29, 2021. In relevant part, the complaint alleges that five defendants "were students at Petaluma Junior High School" in 2019, when the incidents at issue in this action took place. Compl. ¶ 8. Plaintiff filed a first amended complaint ("FAC") on April 21, 2021 that included the same allegation as to those five defendants. [Docket No. 44 (FAC) ¶ 7.] Since this allegation raises the possibility that certain defendants are minors, the complaint and FAC may be subject to the requirements of Federal Rule of Civil Procedure 5.2(a). That rule provides that "[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor . . . a party or nonparty making the filing may include only . . . the minor's initials." Fed. R. Civ. P. 5.2(a). Rule 5.2 also provides that "[a] person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal." Fed. R. Civ. P. 5.2(h).

Here, Plaintiff did not identify any Defendants using their initials in the complaint or FAC. As a result, the full names of the individual Defendants described in paragraph 8 of the complaint and paragraph 7 of the FAC appear throughout the docket and in various filings by the parties, including the case caption. [*See, e.g.*, Docket Nos. 5, 15-17, 27, 28, 32, 63-65, 72.]

On May 27, 2021, Defendants Nicole S. Watson and Kimberly Ann Thomason each filed a

petition identifying their minor children H.W. and K.L. as Defendants in this action and seeking appointment as guardian ad litem for their children. [Docket Nos. 70, 71.] However, Watson and Thomason each used the full names of their minor children in the petitions and both parties had previously filed submissions reflecting the minors' full names.[1] [*See, e.g.*, Docket Nos. 63-65, 72.] Therefore, it is possible that Defendants H.W. and K.L. intend to waive the protection of Rule 5.2(a). *See* Fed. R. Civ. P. 5.2(h).

Accordingly, Plaintiff shall immediately meet and confer with each of the minor Defendants about whether any of them invokes the privacy protection conferred by Rule 5.2(a). If so, the parties shall meet and confer to identify each docket entry and each filing in which the full name of a minor Defendant improperly appears. While the court may order the Clerk's Office remove the full names from the docket itself, "[t]he responsibility to redact filings rests with counsel and the party or non-party making the filing." Fed. R. Civ. P. 5.2 Advisory Committee's Note. After meeting and conferring, the parties shall submit a stipulation and proposed order by no later than June 24, 2021 that contains a proposal to address the issue.

**IT IS SO ORDERED.**

Dated: June 9, 2021



Donna M. Ryu
United States Magistrate Judge

---

[1] The Clerk's Office issued an Electronic Filing Error directing Watson and Thomason to re-file the petitions in accordance with Rule 5.2. Watson and Thomason then re-filed the petitions, both of which violate Rule 5.2(a). Thomason's petition uses initials for their minor child but uses the full name of the minor named in Watson's petition. [Docket No. 73.] Watson's petition does not use initials for their minor child but instead redacts the name completely and uses the full name of the minor named in Thomason's petition. [Docket No. 72.]