HAL CHASE, JR., ESQ. – State Bar No. 95789
**STRATMAN, SCHWARTZ & WILLIAMS-ABREGO**
P.O. Box 258829
Oklahoma City, OK 73125-8829
Phone: (510) 457-3440
Email: hal.chase@farmersinsurance.com

Attorney for Defendants,
MICHELE YEOMANS AND ROBERT YEOMANS,
INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR P.Y., A MINOR

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO/ALAMEDA

| | |
|---|---|
| I.R. a minor, through her Guardian Ad Litem, SHERRI RODRIGUEZ,<br><br>    Plaintiffs,<br><br>    vs.<br><br>PETALUMA CITY SCHOOLS, P.Y. MICHELE YEOMANS, ROBERT YEOMANS, et al.,<br><br>    Defendants. | Case No.: 4:21-CV-00726-RS<br><br>[PROPOSED] ORDER APPROVING GOOD FAITH SETTLEMENT<br>(C.C.P. Section 877.6(a)(2))<br>**AS MODIFIED BY COURT** |

The Application for Determination of Good Faith Settlement of Defendants MICHELE YEOMANS and ROBERT YEOMANS, individually and as guardian ad litem for P.Y., a minor (hereafter the "moving defendants") with plaintiff I.R. a minor, through her Guardian Ad Litem, SHERRI RODRIGUEZ, relating to their settlement in the above-referenced action was filed and served in substantial conformance with California Code of Civil Procedure § 877.6(a)(2). The Court, having received no opposition within the time period set forth in said Code section, and good cause appearing therefore, determines as follows:

Plaintiff I.R. a minor, through her Guardian Ad Litem, SHERRI RODRIGUEZ filed this action against P.Y., A MINOR, MICHELE YEOMANS, ROBERT YEOMANS, (hereafter "moving defendants") and others arising from the alleged incident at Casa Grande High School, Petaluma,

California on or about February 4, 2019. The moving defendants have filed a request with this court for determination that the $20,000 settlement reached between plaintiffs and the moving defendants is made in good faith pursuant to California Civil Code section 877.6.

Plaintiff continues to litigate with other defendants. None of the other defendants have filed an opposition to the motion of moving defendants.

A settling party may seek a determination in federal court that a settlement was made in good faith under California Code of Civil Procedure section 877.6. *See, Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990) (holding that while the "section 877.6 procedures do not govern a federal action . . . the substantive provisions . . . are applicable"); *Jette v. Orange Cnty., Fin., Inc.*, No. 2:08-cv-01767 GEB KJM, 2010 WL 3341561, at 2 (E.D. Cal. Aug. 23, 2010); *Maxwell v. Mortgage IT, Inc.*, No. 1:08-CV-01329 OWW SKO, 2010 WL 2219190, at *1 (E.D. Cal. June 1, 2010) (stating that "federal courts may enter . . . determinations" under section 877.6); *Sunterra Corp. v. Perini Bldg. Co.*, No. 2:04-cv-00784 MCE EFB, 2009 WL 2136108, at 1 (E.D. Cal. July 15, 2009) (stating that "[a] district court may properly consult the provisions of § 877.6 in determining whether an early settlement meets the requisite good faith scrutiny").

California Code of Civil Procedure Section 877.6 provides:

> (a)(1) Any party to an action in which it is alleged that two or more parties are joint tortfeasors . . . shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors . . ., upon giving notice . . . . (2) In the alternative, a settling party may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement and a proposed order. . . .
>
> (b) The issue of the good faith of a settlement may be determined by the court on the basis of affidavits served with the notice of hearing, and any counter-affidavits filed in response, or the court may, in its discretion, receive other evidence at the hearing.
>
> (c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . . for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.
>
> (d) The party asserting the lack of good faith shall have the burden of proof on that issue.

Cal. Civ. Proc. Code § 877.6.

Here, the motion of moving parties is unopposed and the court finds that the settlement was made in good faith based on the factors announced in *Tech-Bilt, Inc. v. Woodward-Clyde & Associates,* 38 Cal.3d 488, 500-01 (1985) (holding that a court should consider, inter alia, the rough approximation of plaintiff's total recovery and the settling party's proportionate liability, the amount of the settlement, and the existence of collusion, fraud or tortious conduct aimed to injure the nonsettling party's interests).

The court finds no reason to doubt the proposed settlement of $20,000 between plaintiff and the moving defendants reflects a reasonable estimate of the settling parties' proportionate liability of plaintiff's potential total recovery, and that the other factors are satisfied. As such,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the Application for Determination of Good Faith Settlement by Defendants, MICHELE YEOMANS and ROBERT YEOMANS, individually and as guardian ad litem for P.Y., a minor is granted and that their settlement with Plaintiff, l.R. a minor, through her Guardian Ad Litem SHERRI RODRIGUEZ, is found to be in good faith within the meaning of California Code of Civil Procedure §§ 877 and 877.6.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that the determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from further claims against the settling tortfeasor or co-obligor for equitable comparative contribution or partial or comparative indemnity, based upon comparative negligence or comparative fault.

DATED: January 21, 2022

RICHARD SEEBORG
Chief United States District Judge