UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.R. A MINOR,<br><br>        Plaintiff,<br><br>    v.<br><br>N.C. A MINOR, et al.,<br><br>        Defendants. | Case No. 21-cv-00726-RS<br><br>**ORDER GRANTING DEFAULT JUDGMENT** |

## I. INTRODUCTION

Plaintiff I.R. is a minor, who brings this action through her guardian ad litem, Sherri Rodriguez. Plaintiff alleges that in February of 2019, numerous students at Petaluma Junior High School were discussing that defendant K.L. intended to fight plaintiff. During a break between classes, K.L. allegedly pushed plaintiff causing her to hit her head on a wall. Plaintiff further alleges that several other classmates videotaped the incident, posted it to social media, and then harassed or mocked her when she returned to school.

All defendants have now been dismissed through settlement or otherwise, except for two minors alleged to have been involved in the incident and their respective parents, against whom defaults have been taken. Recognizing that default judgments are not available against the minors, plaintiff now seeks entry against the adult defendants, Raymond Matthew Conte, Jennifer Jeane Conte (parents of N.C.) and Amanda M. Lorenzen, (parent of A.H.).

The complaint alleges N.C. and A.H. each videotaped defendant K.L's attack on plaintiff

and then posted that video showing the attack on social media. The complaint further alleges N.C. and A.H. both participated in the subsequent harassment of plaintiff. Liability against N.C and A.H.'s parents is premised on allegations that they negligently failed to take reasonable care to prevent their respective children's conduct or to take reasonable precautions to prevent harm to others.

## II.  LEGAL STANDARD

Following entry of default, courts are authorized to grant default judgment in their discretion. See Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the factors the court may consider include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except for those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

## III. DISCUSSION

In this case, the *Eitel* factors weigh in favor of granting plaintiff's motion for default judgment. The allegations in the complaint, taken as true, establish parental liability for injury caused by their respective children. Defendants were given notice of this action, and knew or should have known that they had an obligation to file responses. Under these circumstances, the policy favoring decisions on the merits must yield to plaintiff's right to a judicial determination of her claims. The damages sought, $20,000 from each defendant, are consistent with the allegations of harm and the amounts obtained through settlement with other defendants.

The motion is granted. A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated: April 11, 2022

_____
RICHARD SEEBORG
Chief United States District Judge